UNITED STATES of America, Plaintiff—Appellant,

v.

Michael SILVER, Defendant—Appellee.

No. 06–50559.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2007.*

Filed July 13, 2007.

Becky S. Walker, Esq., Stephanie Y. McCaffrey, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

Stanley I. Greenberg, Esq., Law Office of Stanley Greenberg, Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

The Government appeals the district court's decision not to order defendant Michael Silver to pay restitution to the identified victims of his mail fraud. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the portion of the Judgment and Probation/Commitment Order that provides that Defendant's payment of restitution is suspended, and we remand for entry of an order requiring payment of restitution.

The Mandatory Victims Restitution Act (MVRA) eliminates the district court's discretion with respect to restitution by defendants convicted of certain crimes. 18 U.S.C. § 3663A(a)(1). The statutory directive is clear: the "[sentencing] court shall order … that the defendant make restitution to the victim[s]" for "an offense against property under this title … including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). We have held that "if the MVRA applies, a restitution order is mandatory regardless of the defendant's ability to pay." *United States v. De La Fuente,* 353 F.3d 766, 769 (9th Cir.2003); *see United States v. Grice,* 319 F.3d 1174, 1177 (9th Cir.2003) (per curiam), *cert. denied,* 539 U.S. 950, 123 S.Ct. 2625, 156 L.Ed.2d 641 (2003); *see also United States v. Bussell,* 414 F.3d 1048, 1060–61 (9th Cir.2005) (explaining that orders of restitution are unaf-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fected by sentencing guideline changes worked by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

Defendant Silver was convicted of mail fraud under 18 U.S.C. § 1341. The district court is required to order restitution unless one of the two statutory exceptions applies. 18 U.S.C. § 3663A(c)(3). Neither of them does. The victims of the defendant's fraud and the amounts of their losses have been identified. 18 U.S.C. § 3663A(c)(3)(A). Nor does this case involve any complex issues related to the cause or amount of the victims' losses. 18 U.S.C. § 3663A(c)(3)(B). The losses are already determined.

**VACATED in part and REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.